FILED.

JUL 07 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MARK ANTHONY ORTEGA | **Case No.** |
| Plaintiff, | SA25CA0790 **JKP** |
| v. | **PLAINTIFF'S ORIGINAL PETITION** |
| STERN ROCK CAPITAL LLC and ZACHARY NEMAN | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## NATURE OF THE CASE

1.      This action seeks to stop Defendants Stern Rock Capital LLC and its agent, Zachary Neman, (collectively "Defendants") from engaging in a persistent and illegal telemarketing campaign that bombards Plaintiff with numerous unwanted telemarketing calls. This harassment includes, but is not limited to, placing at least three unsolicited calls to Plaintiff's cellular telephone in a single day on June 30, 2025. These calls, made for the purpose of selling business financing, were placed in direct violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapters 302 and 305, as they were made without Plaintiff's prior express written consent. As a direct result of Defendants' illegal and intrusive conduct, Plaintiff has suffered concrete harms, including the invasion of his privacy, frustration, annoyance, wasted time, depletion of his cellular phone's battery life, and interference with his daily activities. This lawsuit seeks to hold Defendants accountable for their violations and to recover statutory damages, actual damages, and other relief provided by law.

## BACKGROUND ON THE TCPA

2.      Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

1

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3.     Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

4.     The TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

<u>**JURISDICTION AND VENUE**</u>

5.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6.     Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code §§ 302 and 305. While the Texas Business and Commercial Code, Chapter 302 and 305, are state laws, they complement and supplement the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. §

1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7.      In this instance, the claims under the Tex. Bus. & Com. Code §§ 302 and 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code §§ 302 and 305.

8.      This Court has personal jurisdiction over Defendants as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

**PARTIES**

10.     Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12.     Defendant Stern Rock Capital LLC is a New York Limited Liability Company that offers business financing services throughout the United States, including into this District, with its principal place of business in Nassau County, New York.

13.     Upon information and belief, Defendant Zachary Neman is a natural person who resides at 14 Brokaw Ln, Great Neck, NY, 11023. Neman is an agent, owner, and/or employee of Stern Rock Capital LLC who personally participated in the unlawful conduct alleged herein.

14.     Defendants are each a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

15.     On or about January 23, 2012, seeking to prevent unwanted telemarketing calls, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number") , with the National Do Not Call Registry. Plaintiff has never de-listed this number.

16.     Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

17.     Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

18.     Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

19.     Plaintiff has never granted express consent to Defendant or any entity acting on its behalf to receive telemarketing calls.

20.     Beginning on or before June 30, 2025, Defendants have targeted Plaintiff with numerous and unsolicited telemarketing calls to Plaintiff's Number. These calls were made without Plaintiff's prior express consent and in blatant disregard of Plaintiff's registration on the National Do Not Call Registry.

21.     On June 30, 2025, Defendants placed at least three calls to Plaintiff's Number in a single day from the telephone number 516-957-2447. These calls occurred at approximately 12:33 PM, 12:44 PM, and 2:24 PM Central Time.

22.     Plaintiff answered the third call at 2:24 PM to determine the identity of the caller. The caller, who identified himself as "Zach," was later identified as Defendant ZACHARY NEMAN. Defendant Neman then attempted to solicit Plaintiff by offering business financing on behalf of Defendant STERN ROCK CAPITAL LLC.

4

23.     At no point did Plaintiff provide prior express written consent to receive such telemarketing calls from the Defendants. The calls were for purely commercial and solicitation purposes.

24.     Plaintiff has suffered numerous harms as a result of Defendants unlawful telemarketing campaign in the form of invasion of privacy, frustration and annoyance, wasted time, anxiety, and depletion of his cellular phone's battery life.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

25.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

26.     The Telephone Consumer Protection Act ("TCPA") and its implementing regulations prohibit any person or entity from initiating a telephone solicitation to a residential telephone subscriber who has registered their telephone number on the national "do-not-call" registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). The prohibition applies to entities that initiate, or cause to be initiated, more than one telephone call within any 12-month period to a number on the registry.

27.     Defendants violated this provision by calling Plaintiff's Number, which has been on the National Do Not Call Registry since 2012. Defendants placed at least three such solicitation calls on June 30, 2025 alone, well in excess of the one-call allowance.

28.     Defendants made these calls for the commercial purpose of soliciting Plaintiff to purchase business financing services. Defendants did not have prior express invitation or permission from the Plaintiff to make these calls.

29.     Defendants' actions, in failing to scrub their call lists against the National Do Not Call Registry and in calling Plaintiff multiple times in a single day, were done willfully and knowingly in disregard for Plaintiff's rights under the law.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

31.     As a direct and proximate result of Defendants' violations of 47 U.S.C. § 227(c), Plaintiff has suffered damages, including invasion of privacy, aggravation, and annoyance, and is entitled to statutory damages for each and every violation.

**COUNT II**
**Violation of the Texas Business and Commercial Code**
**(Tex. Bus. & Com. Code § 302.101)**

32.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

33.     The Texas Business and Commercial Code § 302.101 requires a person to register with the Texas Secretary of State before making a telephone solicitation from a location in Texas or to a consumer in Texas.

34.     The actions of Defendants, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), because they were unsolicited telephone calls to Plaintiff made for the purpose of inducing Plaintiff to purchase business financing services.

35.     Plaintiff verified on June 30, 2025, by searching the official Texas Secretary of State's telemarketer registration database, accessible online, that Defendant Stern Rock Capital LLC was not, and is not, registered as a telemarketer in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

36. By making telephone solicitations to Plaintiff, a Texas resident, without first registering with the Secretary of State, Defendants are in direct violation of Tex. Bus. & Com. Code § 302.101.

37. Pursuant to Tex. Bus. & Com. Code § 302.302(a), a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, pursuant to § 302.302(d), the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

38. Each of the at least three calls made on June 30, 2025, constitutes a separate violation of this statute. As a direct and proximate result of these violations, Plaintiff is entitled to an award of statutory damages against Defendants.

## COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 305)

39. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 24.

40. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

41. As alleged in detail in Count I, Defendants violated 47 U.S.C. § 227(c) by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call Registry since 2012.

7

42. Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

43. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

44. Furthermore, because Defendants' violations were committed knowingly or intentionally, as evidenced by their placing multiple calls to Plaintiff's number in a single day, Plaintiff is entitled to an increased award of damages of up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, jointly and severally:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the Texas Business & Commercial Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation, as provided by Tex. Bus. & Com. Code § 302.302(a);

C. For Defendants' violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

D. Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commercial Code

E. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

F. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

G. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 1, 2025     Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se
P.O. Box 702099,
San Antonio, TX 78270
(210) 744-9663
mortega@utexas.edu