**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA<br>Plaintiff,<br>v. | §<br>§<br>§ | |
| | | **Case No. 5:25-CV-00790-JKP-ESC** |
| STERN ROCK CAPITAL LLC and<br>ZACHARY NEMAN<br>Defendants. | §<br>§<br>§ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ZACHARY NEMAN'S MOTION TO DISMISS AND MOTION TO STRIKE ARGUMENTS ON BEHALF OF STERN ROCK CAPITAL LLC**

Plaintiff Mark Anthony Ortega ("Plaintiff") files this Response in Opposition to the Motion to Dismiss filed by Defendant Zachary Neman ("Defendant Neman") (ECF No. 22 & 23). Plaintiff respectfully requests that the Court deny the motion in its entirety and strike all arguments purportedly made on behalf of Defendant Stern Rock Capital LLC.

Defendant Neman's Motion to Dismiss is procedurally defective and substantively meritless. Neman attempts to represent a corporate entity, Stern Rock Capital LLC, despite being a pro se litigant. Neman's reliance on generic boilerplate case law ignores the specific nature of TCPA liability. Purposefully calling a Texas phone number establishes specific jurisdiction in Texas.

## I. MOTION TO STRIKE AS NEMAN CANNOT REPRESENT THE LLC

1. The Motion to Dismiss states that "Stern Rock joins this motion." (ECF No. 22 pg. 1) However, the motion is signed only by "Zachary Neman, Pro Se."

2. It is well-established federal law that a corporation or limited liability company may appear in federal court only through licensed counsel. A pro se individual cannot represent a business entity.

3. Furthermore, the Clerk entered a default against Stern Rock Capital LLC (ECF No. 13). A party in default has no standing to file a Rule 12(b) motion to dismiss.

4. Plaintiff asks the Court to STRIKE all references to Stern Rock Capital LLC in the Motion and disregard any arguments made on its behalf.

## II. ARGUMENTS

5. Defendant Neman argues that this Court lacks jurisdiction because he resides in New York and any contact with Texas was merely "incidental." This argument ignores binding Fifth Circuit precedent regarding intentional torts and the Telephone Consumer Protection Act ("TCPA").

### A. A Single Telemarketing Call to a Forum Resident Constitutes "Purposeful Availment".

6. To establish specific jurisdiction, the Court must determine if the Defendant's conduct connects him to the forum state. As this District has previously explained, "[a] court may exercise specific jurisdiction when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG*, 612 F. Supp. 2d 813, 820 (S.D. Tex. 2009) (citing *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996)).

7. Defendant Neman argues that his contacts were insufficient. However, the law in this District is clear that a massive volume of activity is not required for specific jurisdiction. "Even a single contact can support specific jurisdiction if the defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Id.* at 820 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

8. The crucial test is whether "the defendant 'should reasonably anticipate being haled into court' in the forum state." *Id.* (citing *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993)). In this case, Defendant's "single contact", placing a telemarketing call to a

Texas number, is the precise act that gave rise to the cause of action. By intentionally directing this communications into Texas, Defendant should have reasonably anticipated being haled into a Texas court to answer for the resulting statutory violations.

**B. Corporate Officers Are Personally Subject to Jurisdiction for TCPA Violations They Commit.**

9. Defendant Neman argues that he cannot be sued personally because he was acting as an agent for Stern Rock Capital LLC. This "fiduciary shield" argument has been rejected by Texas courts and the Western District of Texas in TCPA cases.

10. It is well-settled that "a corporate officer is not protected from the exercise of specific personal jurisdiction... if the officer engaged in tortious or fraudulent conduct directed at the forum state for which he may be held personally liable." *Tabacinic v. Frazier*, 372 S.W.3d 658, 668 (Tex. App. Dallas 2012, no pet.)

11. Plaintiff has alleged that Defendant Neman personally participated in the illegal conduct by placing the call and identifying himself as "Zach." Neman's status as a corporate officer does not shield him from liability or jurisdiction for statutory violations he personally committed. Because he personally directed the prohibited conduct at a Texas resident, specific jurisdiction is proper.

**C. The Rule 12(b)(6) Motion is Untimely**

12. Defendant Neman attempts to move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim." This portion of the Motion is procedurally barred for two reasons and should be denied without reaching the merits.

13. On November 12, 2025, this Court issued a Scheduling Order (ECF No. 17) granting Defendant Neman leave to file a motion for a specific, limited purpose. The Order states:

> "Defendant Neman must file any motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction on or before December 12, 2025."

14. The Court did not grant Defendant leave to file a motion under Rule 12(b)(6). The Court stayed discovery specifically to resolve the threshold issue of where the Defendant can be sued, jurisdiction, not whether the Plaintiff has a winning case based on merits. By including 12(b)(6) arguments, Defendant has exceeded the scope of the Court's permission.

15. Federal Rule of Civil Procedure 12(b) explicitly states that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed." Defendant Neman filed his Answer on September 10, 2025 (ECF No. 10). A Rule 12(b)(6) motion filed after an answer is untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

16. While courts sometimes treat a late 12(b)(6) motion as a Rule 12(c) Motion for Judgment on the Pleadings, doing so here would be inappropriate because the Court's stay of discovery was predicated strictly on the jurisdictional challenge. Plaintiff should not be forced to litigate the merits of the pleadings in a motion that was authorized solely for jurisdictional purposes.

## III. ALTERNATIVE ARGUMENT IF THE COURT CONSIDERS THE MERITS - THE COMPLAINT STATES PLAUSIBLE CLAIMS FOR RELIEF

17. Even if the Court were to overlook the procedural defects of Defendant's Rule 12(b)(6) motion, the motion fails on the merits. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. The Court must accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

18. Defendant Neman attempts to argue factual defenses and introduce evidence outside the pleadings. These arguments are improper at this stage.

### A. Plaintiff Has Plausibly Pled Neman's Personal Liability

19. Defendant argues that the Complaint "offers nothing more than speculation" connecting him to the calls. This is incorrect. The Petition explicitly alleges that:

a. The caller identified himself as "Zach" (ECF No. 1, ¶ 22);

b. Defendant Zachary Neman is an agent/owner of the company (ECF No. 1, ¶ 13); and

c. Defendant Neman "personally participated" in the unlawful conduct (ECF No. 1, ¶ 13).

20. Under the Federal Rules, Plaintiff is only required to plead facts that state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is eminently plausible that a caller named "Zach" soliciting for Stern Rock Capital is the owner, Zachary Neman.

21. Defendant's argument that he did not actually make the calls is a factual denial. A defendant cannot defeat a complaint under Rule 12(b)(6) simply by denying they did it. That is a dispute of fact reserved for Summary Judgment or Trial after discovery has been conducted.

**B. The "Residential Nature" of the Phone Line is a Question of Fact**

22. Defendant argues that Plaintiff's phone number "does not qualify for DNC protections" because he claims it is a business line.

23. Plaintiff explicitly pled that the number is:

a. His "cellular telephone number" (ECF No. 1, ¶ 15);

b. Used "primarily for personal, residential, and household purposes" (ECF No. 1 ¶ 17); and

c. Plaintiff has alleged the number was registered on the National Do Not Call Registry since 2012 (ECF No. 1 ¶ 15).

24. At the motion to dismiss stage, the Court must accept these allegations as true. Courts in this circuit and elsewhere conduct a holistic, multi-factor, fact-intensive inquiry to determine the

primary nature of the phone's use. As decided in *Hirsch v. USHealth Advisors, LLC*, the question of whether a cell phone qualifies as residential is a fact question unsuitable for early disposition and is treated as "a fact question for trial". *Hirsch v. USHealth Advisors*, LLC, 337 F.R.D. 118, 131 (N.D. Tex. 2020)

**C. Willfulness is Generally a Fact Issue**

25. Defendant argues there are no facts showing "willful or knowing" violations. However, Plaintiff alleged that his number has been on the Do Not Call Registry for over a decade and that Defendants made multiple calls in a single day. Repeatedly calling a number listed on the DNC Registry gives rise to a plausible inference of willfulness or, at minimum, negligence sufficient to sustain a claim. Determining a defendant's state of mind is a factual issue for the jury, not a pleading defect.

## CONCLUSION

Defendant Neman's Motion to Dismiss relies on the unauthorized practice of law, procedural errors, and factual disputes that are improper at the pleading stage.

First, Defendant Neman cannot represent Stern Rock Capital LLC, a corporate entity in default. Second, specific personal jurisdiction is established because Neman purposefully directed telemarketing calls into Texas, the very conduct giving rise to this lawsuit. Finally, Defendant's Rule 12(b)(6) arguments are untimely under the Federal Rules and unauthorized by this Court's Scheduling Order; even if considered, the Complaint pleads sufficient facts to state a plausible claim for relief.

WHEREFORE, Plaintiff Mark Anthony Ortega respectfully requests that this Court:

a. **STRIKE** all arguments in the Motion purportedly made on behalf of Defendant Stern Rock Capital LLC;

b. **DENY** Defendant Neman's Motion to Dismiss for Lack of Personal Jurisdiction (Rule 12(b)(2));

c. **DENY** Defendant Neman's Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)); and

d. Order the parties to proceed with discovery in accordance with the Scheduling Order.

Dated: December 2, 2025

Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, a true and correct copy of the foregoing document was served upon Defendants via First Class Mail, postage prepaid, to the following address:

Zachary Neman and Stern Rock Capital LLC
7 Aspen Place,
Great Neck, NY 11021
zachnem@gmail.com

/*s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se