**FILED**

December 09, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ vl

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00790-JKP-ESC |
| | § | |
| STERN ROCK CAPITAL LLC and | § | |
| ZACHARY NEMAN, | § | |
|    Defendants. | § | |

DEFENDANTS' REPLY

**DEFENDANT ZACHARY NEMAN'S REPLY TO PLAINTIFF'S OPPOSITION**

Defendant Zachary Neman ("Neman"), appearing pro se, respectfully submits this Reply to Plaintiff's Opposition to the pending Rule 12(b)(2) Motion to Dismiss. This Reply addresses only the arguments directed at Neman individually. No portion of this Reply submits argument on behalf of Stern Rock Capital LLC.

Neman also notes that he is currently unable to access his PACER electronic filing account and must rely on postal mail to receive Plaintiff's filings. This causes delays in reviewing and responding to filings, and he respectfully asks the Court to consider this limitation when evaluating timing and completeness of his submissions.

## I. PLAINTIFF MISAPPLIES THE PERSONAL JURISDICTION STANDARD

Plaintiff's Opposition rests on the premise that any call received by a Texas number automatically creates personal jurisdiction. This is incorrect. Under binding Supreme Court and Fifth Circuit precedent, the question is whether the defendant himself purposefully directed conduct at Texas, not whether a plaintiff happened to receive a communication while located in Texas.

The Opposition identifies no facts showing that Neman targeted Texas, invoked Texas law, or sought business within Texas. Instead, Plaintiff assumes that the location of his phone number alone creates jurisdiction. It does not.

## II. PLAINTIFF FAILS TO SHOW PURPOSEFUL TEXAS-DIRECTED CONDUCT

Even accepting Plaintiff's allegations for jurisdictional purposes, the Complaint includes no facts showing: Neman intentionally aimed any conduct toward Texas, Any solicitation focused on Texas residents, Any Texas-specific initiative, business activity, or campaign, or Any reason Neman would have had to engage with Texas residents.

While Plaintiff argues that the receipt of a call in Texas is sufficient, case law of *Walden* holds that a plaintiff's unilateral location cannot create personal jurisdiction. The required nexus must be established by defendant's conduct, not plaintiff's residence.

At most, Plaintiff alleges a single communication that happened to reach a Texas number. This is insufficient to show purposeful availment.

## III. "FIDUCIARY SHIELD" AND OFFICER LIABILITY DO NOT ESTABLISH JURISDICTION

Plaintiff contends that corporate officers may be individually liable for torts they commit. This does not eliminate the requirement of minimum contacts with the forum. Liability and jurisdiction are separate inquiries. Plaintiff provides no facts showing that Neman personally directed any conduct at Texas.

## IV. SPECULATION ABOUT THE NAME "ZACH" CANNOT ESTABLISH JURISDICTION

Plaintiff repeatedly asserts that because the caller allegedly used the name "Zach," it must refer to Neman. This is purely speculative. The Complaint does not connect the caller to Neman, nor does it allege that the caller knew Plaintiff was in Texas or purposefully targeted Texas.

Even assuming the caller used the name "Zach," minimum contacts require that defendant intentionally directed conduct at the forum, which Plaintiff has not alleged. Identity speculation cannot substitute for a constitutional jurisdictional analysis.

---

## V. PLAINTIFF IMPROPERLY INTRODUCES NEW FACTS AND EVIDENCE

Plaintiff's Opposition includes assertions not contained in the Complaint, including call frequency, alleged willfulness, and intent. Plaintiff should not amend the pleadings or introduce new facts. Plaintiff's attempt to introduce new facts cannot fill gaps in the jurisdictional inquiry.

---

## VI. EXERCISING JURISDICTION WOULD BE UNFAIR AND SUBSTANTIALLY BURDENSOME

Neman resides and works in New York and has no ties to Texas. Defending this case in Texas would impose significant hardship, including travel, lodging, and disruption of employment. Plaintiff does not dispute these burdens. Courts have held that forcing a defendant to litigate where minimum contacts are absent violates due process. *Asarco LLC v. Glenara Ltd.*, 912 F.3d 121, 130 (5th Cir. 2019).

---

## VII. CONCLUSION

Plaintiff's Opposition does not cure the fundamental defects in the Complaint. It relies on speculation, new facts outside the pleadings, and misapplications of the personal jurisdiction standard.

For these reasons, Defendant respectfully renews his request that the Court:

1. Grant the Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, and

2. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Zachary Neman

Pro Se Defendant

## DECLARATION OF ZACHARY NEMAN

I, Zachary Neman, declare under penalty of perjury:

1. I reside in New York and have lived and worked in New York for my entire life. I do not reside, work, or conduct business in the State of Texas.

2. I do not maintain offices, property, employees, bank accounts, or business operations in Texas. I have not directed any business initiatives, campaigns, or outreach specifically toward Texas.

3. I have not engaged in any conduct purposefully directed at Texas, nor sought to avail myself of Texas law or market.

4. Any communication Plaintiff alleges to have received was not part of any Texas-focused effort, and I did not intentionally target Texas residents or solicit business from Texas as a forum.

5. I have been unable to access my PACER electronic filing account. As a result, I only receive filings by postal mail, which causes delays in reviewing Plaintiff's submissions.

I make this declaration based on my personal knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9 day of December, 2025.

_Zackry Neman_

Zachary Neman

State of New York
County of Nassau

LISA PANDPAX

Notary Public, State of New York
Qualified Nassau County No. 30-4992926
Commission Expires March 9 2026

## CERTIFICATE OF SERVICE

I, Zachary Neman, hereby certify that on this 9 day of December, 2025, I placed a true and correct copy of the foregoing Reply to Plaintiff's Opposition in the United States mail, first-class postage prepaid, addressed to:

Mark Anthony Ortega
Plaintiff, Pro Se
P.O Box 702099, San Antonio, Texas  78270-2099

Date: December 9, 2025

Zachary Neman
Zachary Neman

7 Aspen Place

Great Neck, NY 11021