UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK ANTHONY ORTEGA,**

   *Plaintiff*,

v.                                                             Case No.  SA-25-CV-00790-JKP

**STERN ROCK CAPITAL LLC,**
**ZACHARY NEMAN,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules 12(b)(2) and 12(b)(6). *ECF Nos. 22,23,25,26*. Plaintiff responded. *ECF No. 24*. Upon consideration, the Motion to Dismiss for Lack of Jurisdiction is **GRANTED**. *ECF No. 22*. The Motion to Dismiss pursuant to Federal Rule 12(b)(6) is **DISMISSED as MOOT**. *ECF No. 23*.

### Factual Background

Plaintiff, Mark Anthony Ortega proceeds pro se, as does Defendants Stern Rock Capital and Zachary Nemen.

In the Complaint, Ortega alleges this case arises out of Stern Rock's unauthorized telephonic communications in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) and the Texas Business and Commerce Code §§ 302.101 and 305. *ECF No. 1*. Ortega alleges he registered his cell phone number with the National Do-Not-Call Registry on January 23, 2012, seeking to prevent unwanted telemarketing calls. Ortega is the sole user of this cell number. On June 30, 2025, Defendants made unsolicited telemarketing calls to Ortega's cell number

in disregard of his registration on the National Do Not Call Registry by calling Ortega's cell number at 12:33 PM, 12:44 PM, and 2:24 PM Central Time. Ortega answered the third call at 2:24 PM to determine the identity of the caller. Ortega alleges "[t]he caller, who identified himself as 'Zach,' was later identified as Defendant Zachary Nemen." In this third call, Neman attempted to solicit Ortega by offering business financing on behalf of Stern Rock. Based on these factual allegations, Ortega filed this suit. *ECF No. 1*.

Defendants move to dismiss this suit pursuant to Federal Rule 12(b)(2) based upon lack of personal jurisdiction, and in the alternative, pursuant to Federal Rule 12(b)(6) for failure to state a claim. *ECF Nos. 22,23*.

I. **Motion to Dismiss Pursuant to Federal Rule 12(b)(2)**

**Legal Standard**

When a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the court does not hold an evidentiary hearing, the plaintiff bears the burden of presenting a prima facie case that the Court holds personal jurisdiction over each defendant. *Quick Techs., Inc. v. Sage Grp. PLC,* 313 F.3d 338, 343 (5th Cir. 2002); *Allscape Clearing & Maint., Inc. v. Ranken Energy Corp.*, No. 6:13-CV-00027, 2013 WL 5352705, at *2–3 (S.D. Tex. Sept. 23, 2013). In making this determination, the court must accept as true all uncontroverted allegations in the Complaint; however, the Court need not accept any conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001); *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000); *Rogers v. Nat'l Car Cure, LLC*, 636 F.Supp.3d 762, 768 (S.D. Tex. 2022). In response to a defendant's properly supported challenge to the Court's personal jurisdiction, the plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating the Court has jurisdiction or controverting the defendant's jurisdictional proof. *Crown*

2

*Distrib., LLC v. Peaceful Choice Distribution, LLC*, No. 3:20-CV-03404-K, 2022 WL 19763245, at *1 (N.D. Tex. Aug. 11, 2022) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Once the plaintiff makes a prima facie showing of personal jurisdiction over each defendant, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Federal courts sitting in diversity must first determine whether the forum state's long arm statute permits exercise of jurisdiction, and if so, then determine whether such exercise comports with due process. *Delgado v. Reef Resort Ltd.,* 364 F.3d 642, 644 (5th Cir. 2004); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Because the Texas long-arm statute confers jurisdiction to the limits of due process, the plaintiff's prima facie burden is to show the nonresident defendant purposefully established minimum contacts with Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To meet this burden, a plaintiff must show a defendant has "minimum contacts" with the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir. 1985); *Willis v. Vericel Corp.*, No. SA-23-CV-00044, 2023 WL 2993027, at *3 (W.D. Tex. Apr. 14, 2023).

There are two theories under which a court analyzes a defendant's minimum contacts with the forum state: general and specific jurisdiction. *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001). Analysis under general jurisdiction focuses only on whether there are continuous and

systematic contacts between the defendant and the forum, regardless of the cause of action. General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).

Analysis of specific jurisdiction focuses on the cause of action, the defendant, and the forum. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Courts conduct a three-step analysis to evaluate the existence of specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; and (2) whether the plaintiff's cause of action arises out of or results from defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The "purposeful direction" requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or attenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F.App'x 325, 328 (5th Cir. 2014) (quoting *Burger King*, 471 U.S. at 475). If a plaintiff establishes the first two elements of this test, the burden then shifts to the defendant to show that exercising jurisdiction would be unreasonable, meaning it

4

would offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759; *see also Luv N'care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 473 (5th Cir. 2006).

## Discussion

### A. General Personal Jurisdiction

Nemen provides a notarized Declaration attesting he is a resident of New York and does not own property in Texas; Stern Rock Capital is a New York company with its principal place of business in New York and has no offices or business operations in Texas. *ECF No. 22, p. 9*. In the Complaint, Ortega attests to the same jurisdictional facts. *ECF No. 1, p. 3*.

Based upon the factual allegations in the Complaint, Nemen's Declaration, and Ortega's lack of opposition, the Court must conclude neither Nemen nor Stern Rock maintain a business presence in the forum state. *See Access Telecom, Inc.*, 197 F.3d at 717. Any contact either Defendant has with Texas cannot be said to be substantial, continuous, and systematic. *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414-19.

Ortega fails to provide prima facie proof that Nemen and/or Stern Rock maintain a business presence in Texas. Ortega, therefore, fails to carry his burden of establishing Defendants are subject to this Court's general, personal jurisdiction.

### B. Specific Personal Jurisdiction

Ortega asserts a single basis for this Court's exercise of specific, personal jurisdiction over Stern Rock and Nemen: three unsolicited telemarketing phone calls to his cell phone number that is listed on the National Do Not Call List.

In the Complaint, Ortega asserts Nemen initiated the solicitation calls on June 30, 2025, on behalf of Stern Rock Capital. *ECF No. 1, pp. 1-4*. Ortega does not allege Nemen acted on behalf of a contracted telemarketing firm or that Nemen acted as an agent of Stern Rock Capital,

but, instead, acted directly on behalf of Stern Rock Capital. *See id*. To this extent Ortega suggests Stern Rock Capital directly contacted him through Nemen for the purpose of soliciting business.

In the sworn Declaration attached to the Motion to Dismiss dated November 17, 2025, Nemen contradicts the allegations in the Complaint. *ECF No. 22, p. 9*. Nemen attests Stern Rock Capital "was formed less than one year ago, was not fully operational immediately after formation, and in recent months has effectively ceased business operations." *Id*. Nemen also attests "neither the company nor I had any meaningful opportunity to establish contacts with Texas or direct business activities toward Texas[,]" and "[a]ny contact with Texas that may have occurred was incidental, isolated, and not part of any targeted marketing or business effort." *Id*.

Based upon these sworn attestations, the court need not accept the allegations in the Complaint as true for the purpose of determining whether it holds specific personal jurisdiction. *See Crown Distrib.*, 2022 WL 19763245, at *1 (citing *Theunissen*, 935 F.2d at 1458); *see also Callier v. SunPath Ltd.*, No. EP-20-CV-00106, 2020 WL 10285659, at *2 (W.D. Tex. Aug. 10, 2020). In response to these controverted jurisdictional facts, Ortega cannot stand on the factual allegations in his Complaint, but must, through affidavits or otherwise, set forth specific facts demonstrating this Court's jurisdiction. *See Crown Distrib.*, 2022 WL 19763245, at *1; *see Theunissen*, 935 F.2d at 1458.

Ortega does not provide any evidence in response to Nemen's sworn declaration, nor does Ortega provide any evidence to support his own jurisdictional allegations in the Complaint. Further, Ortega does not provide evidence his phone number contains an area code that originates in Texas, or that the subject solicitation calls came directly from Nemen, Stern Rock, or from a third-party contracted to market their services.

6

Because Ortega failed to offer any evidence in response to Nemen and Stern Rock's Motion to Dismiss for Lack of Jurisdiction and fails to provide any evidence to support the Court's exercise of specific, personal jurisdiction over Nemen or Stern Rock, Ortega fails to meet his burden to plead or to establish specific, personal jurisdiction over Nemen or Stern Rock. *See Crown Distrib.*, 2022 WL 19763245, at *1 (citing *Theunissen*, 935 F.2d at 1458); *Callier*, 2020 WL 10285659, at *2. Because Ortega failed to satisfy his burden to establish specific jurisdiction, the Court will grant Defendants' Motion to Dismiss pursuant to Federal Rule 12(b)(2). Because this Court will grant the Motion to Dismiss for lack of jurisdiction, the Court will not address the Motion to Dismiss pursuant to Federal Rule 12(b)(6), and this Motion will be dismissed as moot.

## Conclusion

For the reasons stated, Defendants' Motion to Dismiss for Lack of Jurisdiction is **GRANTED**. *ECF No. 22*. The Motion to Dismiss pursuant to Federal Rule 12(b)(6) is **DISMISSED as MOOT**. *ECF No. 23*.

It is so ORDERED.
SIGNED this 11th day of February, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE