FILED
February 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA,
Plaintiff,

v. Case No. 5:25-CV-00790-JKP

STERN ROCK CAPITAL LLC and
ZACHARY NEMAN,
Defendants.

---

**OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Defendant Zachary Neman ("Defendant"), appearing pro se, respectfully submits this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e). For the reasons set forth below, Plaintiff's motion should be denied.

### I. Legal Standard

A motion under Federal Rule of Civil Procedure 59(e): enables a party to seek the correction of substantive judicial errors or mistakes or to present newly discovered evidence. See Templet v. HydroChem Inc. In that case, the United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal of the plaintiffs' claims because a motion for reconsideration (FRCP 59(e)) cannot be used to rehash old arguments or present evidence that was available but not offered before the judgment. Relief under Rule 59(e) is an extraordinary remedy and is not a vehicle to reargue matters previously decided or to present evidence that was available prior to judgment.

The Fifth Circuit has repeatedly held that Rule 59(e) does not permit a party to introduce evidence that could and should have been presented before judgment. See Ross v. Marshall. Rule 59(e) should not be used by the plaintiff(s) to:Change a judgment they didn't like after losing.

Here before us the Plaintiff's motion satisfies none of the 59(e) requirements.

### II. The Dismissal of Stern Rock Capital LLC Does Not Constitute Manifest Error

Plaintiff argues that the dismissal of Stern Rock Capital LLC was improper because the motion to dismiss was filed by Defendant, who is not an attorney.

Even assuming for arguments sake that the filing for the LLC were procedurally defective, the Court independently determined that personal jurisdiction was lacking. A federal court has an

obligation to ensure that jurisdiction exists before proceeding. See Ruhrgas AG v. Marathon Oil Co.

The Court dismissed the case because Defendant doesn't have enough ties to Texas. Plaintiff didn't provide sworn evidence to challenge Defendant's statement. This reasoning applies to Defendant personally as well. The decision was based on the lack of connection to Texas.

Plaintiff has not demonstrated any manifest error of law.

### III. Plaintiff's New Declaration Is Not Newly Discovered Evidence

Plaintiff now submits a declaration stating that:

- He resides in Texas;
- His phone number bears a Texas area code; and
- He received calls while physically present in Texas.

These facts were known to Plaintiff prior to dismissal. They do not constitute newly discovered evidence under Rule 59(e). See Templet v. HydroChem Inc..

Rule 59(e) doesn't let a party fix missing evidence after the judgment if that evidence was available before. Plaintiff had a chance to submit sworn evidence in response to Defendant's declaration but failed to do so..

This alone warrants denial of the motion.

### IV. The Jurisdictional Analysis Remains Unchanged

Even if the Court considers Plaintiff's new declaration and accepts its contents as true, the result does not change.

To establish specific personal jurisdiction, a plaintiff must show that the defendant purposefully directed activities at the forum state itself and that the claims arise from those contacts. See McFadin v. Gerber.

The Supreme Court has made clear that the plaintiff cannot be the only link between the defendant and the forum state. See Walden v. Fiore. The relevant inquiry focuses on the defendant's conduct — not solely on the plaintiff's location.

The receipt of a phone call in Texas, without more, does not demonstrate that Defendant purposefully directed conduct at Texas itself. The existence of a Texas area code similarly does not establish that Defendant formed meaningful contacts with the State of Texas.

The issue identified in the Court's Order is not a technical defect that can be corrected with additional paperwork. Plaintiff's new declaration still does not establish the type of purposeful forum-directed conduct required under the law.

Plaintiff has not shown manifest error or manifest injustice.

### V. Rule 59(e) Does Not Permit Relitigation of Previously Decided Issues

Plaintiff's motion largely repeats arguments previously presented regarding area codes and telemarketing jurisdiction theories. Rule 59(e) is not intended to allow a dissatisfied litigant to relitigate matters that were already considered and decided. See Templet v. HydroChem Inc..

Permitting reconsideration under these circumstances would undermine the finality of judgments and allow post-judgment supplementation of evidence that was available earlier.

### VI. Conclusion

Plaintiff has not demonstrated:

1. Newly discovered evidence;
2. A manifest error of law; or
3. Any basis for altering or amending the judgment under Rule 59(e).

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment in its entirety.

Defendant Zachary Neman has attempted to register for a PACER account and electronic filing but has experienced technical difficulties accessing the system. Defendant respectfully requests that all future orders and correspondence be served via United States Mail.

Respectfully submitted,

/s/ Zachary Neman
Zachary Neman
Defendant, Pro Se and on behalf of Stern Rock Capital LLC

7 Aspen Place

Great Neck, NY 11021

## CERTIFICATION OF SERVICE BY MAIL

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion"] was mailed via first-class U.S. Mail, postage prepaid, to the following:

Mark Anthony Ortega
PO Box 702099
San Antonio, TX 78270

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2026

*/s/ Zachary Neman*

Zachary Neman