UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA,

   *Plaintiff*,

v.     Case No. SA-25-CV-00790-JKP

STERN ROCK CAPITAL LLC,
ZACHARY NEMAN,

   *Defendants*.

# O R D E R

Before the Court is Plaintiff Mark Ortega's Motion to Alter or Amend Judgment dismissing this case for lack of personal jurisdiction entered on February 11, 2026. *ECF No. 28*; *see ECF No. 27*. Defendants Stern Rock Capital and Zachary Neman responded. *ECF No 29*. Upon consideration, the Motion for Reconsideration is **DENIED**.

## LEGAL STANDARD

The narrow purpose of a Federal Rule 59(e) motion is allow a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Debeck United States v. Beck*, No. SA-11-CA-45, 2014 WL 12479586 (W.D. Tex. Dec. 18, 2014). These motions are not to be used to raise arguments which existed before the court entered judgment and may not be used to present a new legal theory. *Id*. The Court holds considerable discretion in analysis of motion to alter or amend judgment filed under Federal Rule 59(e) and should consider four factors: (1) whether the judgement was based upon a manifest error of fact or law; (2) whether the movant presents newly discovered or previ-

ously unavailable evidence; (3) whether amendment is necessary to prevent a manifest injustice; and (4) whether an intervening change in controlling law has occurred. *Id*. Granting a rule 59(e) motion is an extraordinary remedy which should be used sparingly. *Id*.

## DISCUSSION

In this Motion for Reconsideration, Ortega restates arguments asserted in his Response to the Motion to Dismiss for Lack of Jurisdiction, arguing the Court committed a manifest error of law. The Court considered these arguments when it assessed whether it holds personal jurisdiction. Ortega does not provide any newly discovered evidence or intervening change in controlling law which would alter this Court's determination of lack of jurisdiction nor demonstrated amendment is necessary to prevent a manifest injustice.

For these reasons, Ortega provides no basis for this Court's reconsideration of its Order granting Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

## CONCLUSION

For the reasons stated, Plaintiff Mark Ortaga's Motion for Reconsideration is **DENIED**.

It is so ORDERED.
SIGNED this 23rd day of February, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE